COLE-HALL COMPANY,
INCORPORATED,
Plaintiff,

v.

Donna MALONE, Judy A. Jenkins, Doyle W. Tubb, R. Hardy Jones, Marvin Doss, Johnny Jones,George Walker, John Doe of General Counsel'S Office, United States of America, United States Department of Agriculture, Secretary of Rural Housing and Community Development Service, in their Individual and Official Capacity Defendants.

COLE-HALL COMPANY,
INCORPORATED,
Plaintiff,

v.

Paul POLLARD, Marie Pollard, John Doe and Jane Doe, in their Individual and Official Capacity, Secretary of Agriculture, Director of Rural Economic and Community Development, State of Mississippi, Coahoma County Supervisor of Rural and Economic Development, in their Individual and Official Capacity, Defendants.

Nos. 2:96CV41–S–B, 2:95CV166–S–A.

United States District Court,
N.D. Mississippi,
Delta Division.

July 23, 1997.

Cole Hall Co., Inc., William Smith, President, Clarksdale, MS, pro se.

Jim Ming Greenlee, U.S. Atty. Office, Oxford, MS, for U.S., U.S. Dept. of Agr., Secretary of Rural Housing and Community Development, State of Mississippi Director of Rural Economic and Community Development, Coahoma County Supervisor of Rural and Economic Development.

Azki Shah, Clarksdale, MS, for Paul Pollard, Marie Pollard.

## MEMORANDUM OPINION

SENTER, Chief Judge.

This matter is before the court upon the *pro se* plaintiff's *Syllabus to Create Clear Empirical Data Without Exposing the Plaintiff's Clones and the Whistleblowers* which includes a *Glossary of the Plaintiff's Vernacular of the Streets* as well as a Motion for New Trial and Motion for Amendment of Judgments or Relief from Judgment or Standards.

## FACTS

Once again, the plaintiff in the case at bar makes his presence known .to this court through illogical and incomprehensible motions and filings. It was the intention of this court in its orders dated December 13, 1996, that the plaintiff not file further motions with this court on these claims when it cautioned and warned the plaintiff of Rule 11 sanctions.

Obviously, the plaintiff was not persuaded to heed the court's warning.

William Smith, president of Cole–Hall, Inc., originally brought his *pro se* complaint in 2:95CV166–S–A which was dismissed by this court on March 29, 1996, for lack of jurisdiction. The plaintiff then filed a motion to reconsider the court's dismissal as well as another complaint entitled *Proposed Transferred Complaint An Extension of Interference With Business Relationship and Discriminatory Practices From Civil Number 2:95CV166–S–A* alleging virtually the same cause of action. On December 13, 1996, this court denied the motion to reconsider in 2:95CV166 and dismissed the plaintiff's second complaint [the *Proposed Transferred Complaint*] for want of jurisdiction.

Immediately thereafter, Cole–Hall filed the present motions in both causes of action in a document which it terms *A Syllabus to Create Clear Empirical Data Without Exposing the Plaintiff's Clones and the Whistleblowers.* Cole–Hall informs the court in its *Syllabus* that it "contains the following items that will produce a view that would have been the focus point of a jury in such a trial where the Plaintiff had used subpoenas to take such testimony":

> 1. Mr. "X" you did make a statement to attorney "Y" that you have no knowledge of any discrimination claims made within your department? Sir, how many lawyers are there in your office in Jackson, Mississippi? (Whatever Mr. "X" answer was the next questions, [in the form of a statement]). Mr. "X" have anyone ever polled you, told you, written anything to you about someone having a telephone bill with your work number on it? from the above set of analogies, "a bona-fide telephone bill produces at least: somebody is lying, or somebody is misled or somebody is faking."

excerpted from *A Syllabus to Create Clear Empirical Data Without Exposing the Plaintiff's Clones and the Whistleblowers.*

*Glossary of the Plaintiff's Vernacular of the Streets* follows Cole–Hall's *Syllabus* and contains definitions out of *Webster's New World Dictionary of the American Language* of the words "coloring," "splitting," and "remand." [1] The plaintiff fails to explain the relevance of these definitions to the case at bar nor does he explain why the chosen defining source is *Webster's* rather than *Black's Law Dictionary.* [2]

Smith then argues for relief based upon newly discovered evidence. This newly discovered evidence consists solely of Smith's telephone bill. Smith states:

> The evidence (one page of the plaintiff's telephone bill), in part on its face could grant partial relief, but without the aid of the Whistleblower or power to seek the evidence out, the full proof is distance and the evidence can only grant partial relief in the above Causes

Once again, the court is left befuddled. While the one page excerpt is included as an exhibit, there is no explanation as to how relief might be granted through the revelation of the two telephone numbers exposed on the bill. (The remaining calls have been thankfully blocked out so that the court is not left to figure out their meaning in all of this as well.) The only conclusion made by the court based upon this newly discovered evidence is that the two calls-one to Jackson and one to Oxford-were made on the same day within 14 minutes of each other at almost the same rate. [3] While this is an interesting survey for a telecommunications company, it hardly qualifies as evidence warranting the finding of subject matter jurisdiction in this judicial proceeding. [4]

---

1. In its glossary, Cole–Hall provides the following definition of splitting: "Bifurcate (as defined) having two branches or peaks; forked. Note (as used in the Plaintiff's case, the above is close, but to be closer use the term two headed man), out of this one body comes two (2) heads."

2. This would be the legal profession's glossary of vernacular of the courts.

3. The Oxford call lasted for five minutes at a cost of $1.47 while the Jackson call lasted for four minutes at a cost of $1.25.

4. Even with the "aid of a whistleblower," this court cannot, as a matter of law, entertain an action over which it has no subject matter jurisdiction.

## DISCUSSION

Although William Smith has quite obviously devoted a generous amount of time in a law library pursuing his causes of actions, Smith, unfortunately, lacks some very fundamental knowledge about the law which seems to be his nemesis. First, the Motion for New Trial under Civil Procedure Rule 59 is denied. There has been no trial. Next, the Motion to Reconsider in 2:95CV166–S–A filed contemporaneously herewith is actually a Motion to Reconsider the Motion to Reconsider which was previously denied. The court dismissed the first complaint because there was no jurisdiction. The court then denied the Motion to Reconsider because there was no jurisdiction. Therefore, this court denies the Motion to Reconsider the Motion to Reconsider. There is no subject matter jurisdiction. Finally, the Motion to Reconsider the dismissal of the second complaint is denied as well based upon the fact that there is no subject matter jurisdiction.

As stated previously, this court warned the plaintiff in its December 13, 1996, order of the potential for imposition of sanctions for the continued filing of meritless and frivolous claims. As a *pro se* litigant, Cole–Hall is bound to the same obligations as an attorney to investigate the factual and legal basis of its claim before filing. Fed.R.Civ.Pro. 11. Because the plaintiff felt compelled to file its *Syllabus* and *Glossary* after having been forewarned and because the court was left with the futile task of deciphering pleadings which in the end pled nothing, this court finds it necessary to bar Cole–Hall, Inc. and William Smith from filing new actions with this court without prior authorization from an appropriate federal judicial officer certifying that the claims are not frivolous. Further, with the exception of notices of appeal, the plaintiff shall be likewise barred from filing any new matters in either 2:96CV41 or 2:95CV166. While this sanction may appear rather harsh, the court is left with no alternative. Further grievances on the part of the plaintiff, his "clones," and/or his "whistle-blowers" in the case at bar should be directed to the Fifth Circuit Court of Appeals.

A separate order in accordance with this opinion shall be issued.

*ORDER DENYING PLAINTIFF'S MOTION TO RECONSIDER, MOTION FOR NEW TRIAL, AND MOTION FOR AMENDED JUDGMENT*

Pursuant to a memorandum opinion issued this day, it is ORDERED:

That the plaintiff's motion for new trial is denied;

That the plaintiff's motion for amended judgment is denied;

That Cole–Hall, Inc. and William Smith are hereby precluded from filing any new civil actions before this court without prior approval from a judicial officer of this court or of a court with appellate jurisdiction;

That Cole–Hall, Inc. and William Smith are likewise precluded from further filings in this action except a "Notice of Appeal" to the Fifth Circuit Court of Appeals; and,

That the clerk of the court shall refuse to file any matters presented by Cole–Hall, Inc. and/or William Smith except those presented in compliance with this order.